IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v- 16-M-5117

ANDREW REINER,

Defendant.

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER AND GRANT PRETRIAL RELEASE**

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's motion requesting the Court to reconsider the detention order and to grant pretrial release (Dkt. 10).

**PROCEDURAL BACKGROUND**

On September 22, 2016, the defendant was charged by criminal complaint with a violation of Title 18, United States Code, § 2422(b) [coercion and enticement of a minor]. The charge carries a mandatory minimum term of imprisonment of 10 years, and the statutory maximum is life. At the initial appearance, on September 23, 2016, the government moved for detention. *See* Dkt. 2. On September 27, 2016, the Court conducted a detention hearing

and found by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Dkt. 4.

On January 6, 2017, the defendant filed a motion requesting the Court to reconsider the detention order and to grant pretrial release (Dkt. 10). On January 13, 2017, the assigned United States Probation Officer opined that no condition or combination of conditions will assure the safety of the community. The government agrees with the Probation Officer's assessment. The defendant's motion is without merit and should be denied.

## STATEMENT OF FACTS

During an interview on September 22, 2016, the 28-year-old defendant confessed to using applications on his phone to entice the minor victim to engage in sexual intercourse. Specifically, the defendant admitted to initially contacting the victim through a social media application and to knowing that the victim was 16 years old when they engaged in sexual intercourse on three or four occasions.

The defendant's confession is corroborated by records of the text communications between the defendant and the victim. For example, on July 6, 2016, the defendant texted to the victim, who he knew to be 16 years old, "Ok well u gotta let me know I was wondering if u wanted me too take ur virginity tonight." The defendant later texts, "When we make love tonight how do u want it do u want me to take it slow or u want me to go fast and hard."

In subsequent texts with the victim, on July 9, 2016, the defendant again asks the 16-year-old victim to engage in sexual acts, to include vaginal and oral penetration. On July 11, 2016, the defendant texts to victim, "I want ur pussy." On July 11, 2016, the defendant also attempts via text message to entice the victim to encourage her friends to participate in a "three some" with the victim and the defendant. On July 16, 2016, the defendant texts, "Yummy u wanna eat this dick later." On July 27, 2016, the defendant texts, "I wanna fuck u." He follows with, "U wanna get tucked tonight."

Additionally, the defendant admitted during his interview to having sexual intercourse with a different 17-year-old girl, who is now 18, and the mother of one of his children.

Moreover, the defendant admitted to using the internet to meet yet a different16-year-old girl and having sexual intercourse with her on one occasion. The defendant saved this minor in his phone as "pretty pussy" because he could not remember her name.

## DISCUSSION

Pursuant to Title 18, United States Code, § 3142(e)(3), "it shall be presumed that no condition or combination of conditions will reasonably assure the … safety of the community if the judicial officer finds that there is probable cause to believe that the person committed … (E) an offense involving a minor victim under section … 2422 … of this title." In this case, the Court signed the criminal complaint charging a violation of 18 U.S.C. §2422(b) [coercion and enticement of a minor] on September 22, 2016. Dkt. 1. Therefore, the presumption applies.

Pursuant to Title 18, United States Code, § 3142(g), "[t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure … the safety of any other person and the community, take into account …

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence … or involves a minor victim …

(2) the weight of the evidence against the person …

(3) the history and characteristics of the person … and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

A consideration of the factors listed above does not support the defendant's motion for pretrial release. First, the Court has already found that there is probable cause to believe that the defendant coerced and enticed a minor to engage in sexual activity, a crime listed under Chapter 117, and accordingly, under Title 18, United States Code, Section 3156(a)(4) as a crime of violence. Second, the defendant confessed to this crime of violence and his confession is corroborated by text message records, so the evidence against the defendant is strong. Lastly, the defendant has established a history and pattern of targeting minor female victims through social media applications in order to entice these minor victims to engage in sexual activity. After considering these factors, the only reasonable conclusion is that the defendant has a sexual thirst for young female children and that young girls in the Western District of New York are at serious risk if the defendant is released.

Furthermore, the defendant's motion (Dkt. 10) does not describe a change in circumstances that undermines the government's position that the defendant poses a serious risk to young girls in the Western District of New York. Indeed, the failing health of the defendant's father, though saddening, does not affect the level of risk that the defendant poses to the community. Therefore, the defendant's motion should be denied.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion to reconsider the detention order and to grant pretrial release.

DATED: Buffalo, New York, January 17, 2017.

JAMES P. KENNEDY, JR.
Acting United States Attorney

BY: s/SCOTT S. ALLEN, JR.
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5869
scott.allen@usdoj.gov