IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

       v.                                                          17-CR-70-RJA

ANDREW REINER,

                   Defendant.
_____

## GOVERNMENT'S RESPONSE
## TO THE DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's sentencing memorandum (Dkt. 38), and in support of a guidelines sentence of 120 months imprisonment.

## PROCEDURAL BACKGROUND

On May 22, 2017, the defendant appeared before this Court and pled guilty to a one count Information charging the defendant with attempted possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2). The Presentence Report ("PSR"), consistent with the plea agreement, determined that the defendant, with a total adjusted offense level of 31 and criminal history category of I, and taking into account the statutory maximum penalty, faces a guideline range of 108 to 120 months imprisonment. The plea agreement allows both parties to request a non-guideline sentence.

On December 8, 2017, the defendant submitted a sentencing memorandum requesting a below guideline sentence. Dkt. 38. This memorandum is submitted in opposition to the defendant's request for a below guideline sentence, and in support of a guidelines sentence of <u>120 months imprisonment</u>.

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts outlined in the PSR at paragraphs 14 through 46.

## DISCUSSION

Within the plea agreement, the parties agreed that the sentencing range for imprisonment shall be determined as if the defendant was convicted of Title 18, United States Code, Section 2422(b) [enticement of a minor]. Accordingly, the parties have agreed that §2G1.3(a)(3) applies to the offense of conviction and provides for a base offense level of 28. The government and the defendant also agreed to the following three enhancements:

a. the 2-level increase pursuant to Guidelines § 2G1.3(b)(2)(B) (offense involved the undue influence of a minor to engage in prohibited sexual conduct);

b. the 2-level increase pursuant to Guidelines § 2G1.3(b)(3)(A) (offense involved use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct); and

c. the 2-level increase pursuant to Guidelines § 2G1.3(b)(4)(A) (offense involved a sexual act).

The government agreed not to oppose the recommendation that the Court apply the 3-level downward adjustment of Guidelines §3E1.1 (acceptance of responsibility).

Consequently, with a total offense level of 31, and a criminal history category of I, and taking into consideration the statutory maximum penalty, the defendant's sentencing range would be a term of imprisonment of 108 to 120 months, a fine of $30,000 to $250,000, and a period of supervised release of 5 years to life.

Since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. When imposing a sentence, however, the Court is required to consider the guidelines, but must fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a).

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006). A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so. 18 U.S.C. § 3553(c).

Based upon the § 3553(a) factors as set forth below, the government respectfully submits that a guidelines sentence of 120 months imprisonment is warranted based on the defendant's conduct in the present case as well as the defendant's deplorable history. Moreover, a guidelines sentence of 120 months imprisonment is the sentence that will best protect the public, specifically young girls, from the defendant.

A. **The Nature and Circumstances of this Offense Warrant a Sentence of 120 Months Imprisonment.**

The defendant, a 28-year-old adult at the time of his misconduct, used a social media application and text messaging to entice a 15-year-old female child resident of the Western District of New York (PSR, ¶15) to engage in sexual activity. In addition to enticing the minor victim through very direct text messages to engage in sexual intercourse,[1] the defendant also attempted to induce the minor to take pornographic pictures of herself and send them to the defendant. Specifically, on or about June 28, 2016, the defendant texted the child victim, "Lol can u send me a pic I wanna see all of u." *See* PSR, ¶20. The defendant soon followed with, "Can I get a pic of all of u???" Later, on July 5, 2016, the defendant wrote, "Send me a dirty pic then."

On June 29, 2016, the 28-year-old defendant wrote to the minor, "I have too warn you if we get married be ready for lots of sex lmao prepare your vagina …."[2] PSR, ¶21. On June 30, 2016, the defendant wrote, "I can't stop thinking about making love too u."[3] He continued, "it's the type of sex it's slow and more romantic then me just fuckin ur brains out …." PSR, ¶23. "I wanna take ur virginity… do u want me to take it… when do you wanna do it?" *Id.*

With texts like these, over approximately a one-week time period, the defendant groomed this minor victim, eventually convincing her to mislead her mother and sneak out

---

[1] "do u wanna have sex tonight." Dkt. 29, ¶8(c).
[2] "lmao" is an abbreviation for "laughing my ass off"
[3] On this same date, the defendant writes, "Lol I can't now I'm over hard as ever wishing u was over here sitting on my face … send a pic." PSR, ¶22.

4

of her house to engage in sexual intercourse with the defendant. Indeed, on July 5, the defendant wrote, "so u gonna sneak out … I was wondering if u wanted me too take ur virginity tonight … I have my truck and we could do it in there hun." PSR, ¶28.

Just as the defendant intended, during the late evening of July 6, 2016, the minor victim left her home and met the defendant at the end of the victim's street in his red truck. PSR, ¶30. Just as the defendant intended, he statutorily raped the minor victim he knew to be no older than 16-years-old. Before her interaction with this defendant, the minor victim was a virgin. PSR, ¶28.

On July 8, 2016, just two days later, the defendant again statutorily raped the minor victim. PSR, ¶31.

On July 10, 2016, the defendant attempted to lure *more* minors by asking the victim if she had any friends who would also participate in sexual activity with the defendant. Specifically, the defendant wrote, "ask urs friends if they wanna lose there virginity and have a threesome." PSR, ¶32.

Based on text records, it is evident the defendant enticed the victim to engage in sexual intercourse for a third time on July 17, 2016. After the statutory rape, the victim texted, "Goodnight Andrew I love you." PSR, ¶35.

5

Based on text records, it is evident the defendant enticed the victim to engage in sexual intercourse again on or about July 27, 2016. Afterward, the victim texted, "I got away with it [sneaking out of her mother's home to have sex with the defendant] … I feel weird." PSR, ¶37.

On or about July 29, 2016, the victim learned that the defendant gave the child victim a sexually transmitted infection. PSR, ¶39.

The Court is in possession of victim impact statements in which family members discuss the impact that the defendant's misconduct has had on the victim. One of the letters reads:

> I am very, very upset regarding my granddaughter/Andrew Reiner preyed on my granddaughter's innocent. She was vulnerable, unable to understand that she was being taken advantage of. My granddaughter is very upset with herself, withdraws from discussing this situation with anyone.
>
> Andrew Reiner has cause my granddaughter a lot of pain, physically, mentally, psychological. My granddaughter blames herself for a crime committed upon her by a sick, self-gratifying pervert.

Indeed, due to the defendant's misconduct, this minor victim has had to seek medical treatment and counseling.

All factors considered, the seriousness of the underlying offense and the impact the defendant's crime has had on the victim and her family weighs in favor of a term of imprisonment of 120 months.

B.   **The History and Characteristics of the Defendant Warrant a Sentence of 120 Months Imprisonment.**

During the defendant's interview with his Probation Officer, the defendant stated, "I don't know what I was thinking. I've spent many nights in my cell racking my brain … Why someone who always does the right thing would do something so stupid." PSR, ¶51. The government suspects the defendant was likely thinking the same thoughts he had the two other times he used social media to engage in sexual intercourse with minor females in the Western District of New York.

Indeed, this defendant has established a *modus operandi*, and has demonstrated that he does *not* - by any stretch of the imagination - always do the right thing. In addition to the minor female victim in this case, the defendant has enticed two *other* females less than 18-years-old to engage in sexual activity. *See* PSR, §26.

During his interview with FBI agents, the defendant admitted to having sexual intercourse with a different 17-year-old girl, who is now 18, and the mother of one of his children.

Moreover, the defendant admitted to using the internet to meet yet a different 16-year-old girl and having sexual intercourse with her on one occasion. The defendant saved this minor in his phone as "pretty pussy" because he could not remember her name.

The defendant's history is truly deplorable.

7

**C.    A Sentence of 120 Months Imprisonment is the Only Sentence that Will Best Protect the Public – Specifically Young Females - from the Defendant, and is the Sentence that Justice Demands.**

To date, the defendant has engaged in sexual intercourse with three minor victims. Furthermore, he asked the victim in this case to encourage her minor friends to have sex with him as well. PSR, ¶32.  The only reasonable conclusion from the defendant's conduct is that the defendant is a predator with a thirst for minor females.  This defendant has established a pattern of victimization, and he cannot be deterred.

Minor females within the Western District of New York are not safe when ANDREW REINER is on the street.  Only a guidelines sentence of 120 months imprisonment will best protect these minors from the defendant, and is the sentence that justice demands in this case.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends a guidelines term of imprisonment of 120 months.

DATED:  Buffalo, New York, December 8, 2017.

JAMES P. KENNEDY, JR.
United States Attorney

BY:    s/SCOTT S. ALLEN, JR.
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5869
scott.allen@usdoj.gov
